KILPATRICK TOWNSEND & STOCKTON LLP
STEVEN D. MOORE (State Bar No. 290875)
smoore@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: 415-576-0200; Facsimile: 415-576-0300

MANSI H. SHAH (State Bar No. 244669)
mhshah@kilpatricktownsend.com
MATTHEW J. MEYER (State Bar No. 284578)
mmeyer@kilpatricktownsend.com
1080 Marsh Road
Menlo Park, CA 94025
Telephone: 650-326-2400; Facsimile: 650-326-2422

ALTON L. ABSHER III (*appearance pro hac vice*)
aabsher@kilpatricktownsend.com
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: 336-607-7300; Facsimile: 336-607-7500

ANDREW N. SAUL (*appearance pro hac vice*)
asaul@kilpatricktownsend.com
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: 404-815-6500; Facsimile: 404-815-6555

Attorneys for Defendant
APPLE INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| SENTIUS INTERNATIONAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 4:20-cv-00477-YGR <br><br> **APPLE INC.'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> Hearing Date: May 19, 2020 <br> Time: 2:00 pm <br> Ctrm.: 1, 4th Floor <br> Hon. Yvonne Gonzalez Rogers <br><br> Second Amended Complaint Filed: March 26, 2020 |

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION ..................................................................................................................1

STATEMENT OF THE RELIEF REQUESTED ..........................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

    **I.**    INTRODUCTION ...................................................................................................1

    **II.**    STATEMENT OF ISSUES .....................................................................................2

    **III.**    FACTUAL BACKGROUND .................................................................................2

    **IV.**    LEGAL STANDARD .............................................................................................4

        **A.**    Sufficiency of Pleadings ..............................................................................4

        **B.**    Direct Infringement of Method Claims........................................................5

        **C.**    Joint Infringement ........................................................................................5

        **D.**    Leave to Amend ..........................................................................................6

    **V.**    ARGUMENT ..........................................................................................................6

        **A.**    The SAC Fails to State a Claim for Direct Infringement of the Method Claims of the '633 Patent. ................................................................6

        **B.**    Sentius Fails to State a Claim for Joint Infringement of Any Claim of the '633 and '985 Patents.................................................................8

            1.    Merely Alleging That an End User Is Allowed to Interact With a Software Program Is Insufficient to Show Joint Infringement. ..................................................................................9

            2.    The SAC identifies no Relationship Between Apple and End Users and Any Method Claim Steps Performed by End Users. ..............................................................10

            3.    The Delaware Court's Decision in *Sentius v. LG* Does Not Save the SAC's Fatally Flawed Joint Infringement Claims. ......................................................................................12

        **C.**    Dismissal Should Be with Prejudice..........................................................13

    **VI.**    CONCLUSION .....................................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acri v. International Ass'n of Machinists & Aerospace Workers*,
    781 F.2d 1393 (9th Cir. 1986) .................................................................................................. 14

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015) .................................................................................. 6, 9, 10, 11

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
    465 F.3d 946 (9th Cir. 2006) .................................................................................................... 14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................................... 5

*Confident Techs., Inc. v. Fandango Media, LLC*,
    No. 2:18-cv-3035-JAK-AGR, 2018 WL 6430539 (C.D. Cal. Aug. 20, 2018). ............... 11, 12, 13

*Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*,
    845 F.3d 1357 (Fed. Cir. 2017) ............................................................................................. 10,11

*Ericsson, Inc. v. D-Link Sys., Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014) .......................................................................................... 6, 7, 8

*Fidelity Fin. Corp. v. Fed'l Home Loan Bank of San Francisco*
    792 F.2d 1432 (9th Cir. 1986) .................................................................................................... 7

*Foman v. Davis,*
    371 U.S. 178 (1962) .................................................................................................................... 6

*In re Gilead Sciences Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) .................................................................................................... 5

*Koninklijke Philips N.V. v. Zoll Med. Corp.*,
    656 Fed. App'x 504 (Fed. Cir. 2016) ......................................................................................... 6

*Leadsinger, Inc. v. BMG Music Publ'g*,
    512 F.3d 522 (9th Cir. 2008) ...................................................................................................... 6

*Lyda v. CBS Corp.*,
    838 F.3d 1331 (Fed. Cir. 2016) ........................................................................... 6, 10, 11, 13, 14

*McRee v. Goldman*,
    Case No. 11-CV-00991-LHK, 2012 WL 3745190 (N.D. Cal. Aug. 28, 2012) ........................ 14

*Moba, B.V. v. Diamond Automation, Inc.*,
    325 F.3d 1306 (Fed. Cir. 2003) .................................................................................................. 6

*Ormco Corp. v. Align Tech., Inc.*
 463 F.3d 1299 (Fed. Cir. 2006) ................................................................................................. 5

*Pernix Ireland Pain DAC v. Alvogen Malta Operations Ltd.*,
 323 F. Supp. 3d 566 (D. Del. 2018) ....................................................................................... 10

*Ricoh Co., Ltd. v. Quanta Computer Inc.*,
 550 F.3d 1325 (Fed. Cir. 2008) ............................................................................................ 5, 7

*Sebastian v. Allstate*,
 Case No. 13-cv-04850-YGR, 2015 WL 1927796 (N. D. Cal. Mar. 27, 2015) ............................ 7

*SiRF Tech., Inc. v. Int'l Trade Comm'n*,
 601 F.3d 1319 (Fed. Cir. 2010) ................................................................................................. 8

*Sonrai Sys., LLC v. AMCS Group, Inc.*,
 No. 16-C-9404, 2017 WL 4281122 (N.D. Ill. Sept. 27, 2017) ................................................ 10

*Stearns v. Select Comfort Retail Corp.*,
 763 F. Supp. 2d 1128 (N.D. Cal. 2010) .................................................................................. 15

*Swanson v. U.S. Forest Service*,
 87 F.3d 339 (9th Cir. 1996) ....................................................................................................... 6

*Travel Sentry, Inc. v. Tropp*,
 877 F.3d 1370 (Fed. Cir. 2017) ................................................................................... 6, 10, 11

*Windy City Innovations, LLC v. Microsoft Corp.*,
 193 F. Supp. 3d 1109 (N.D. Cal. 2016) ..................................................................................... 5

*WiNet Labs LLC v. Apple Inc.*,
 No. 5:19-cv-2248-EJD, 2020 WL 409012 (N.D. Cal. Jan. 24, 2020) .................................. 5, 8

**Statutes**

35 U.S.C. § 271(a) ............................................................................................................................ 6

35 U.S.C. § 271(b) ............................................................................................................................ 8

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ...................................................................................................................... 5

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 1, 5, 13

Fed. R. Civ. P. 15(a)(2) ............................................................................................................... 6, 15

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on May 19, 2020 at 2:00 p.m., or as soon thereafter as may be heard in Courtroom 1, 4th Floor of the United States District Court for the Northern District of California, the Honorable Yvonne Gonzalez Rogers presiding, Defendant Apple Inc. will, and hereby does, move the Court to dismiss Plaintiff Sentius International, LLC's claims of direct infringement of the method claims of U.S. Patent No. RE43,633 and of joint infringement of U.S. Patent Nos. RE43,633 and 7,672,985. This Motion is made under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim upon which relief may be granted, and is based upon this Notice and the Memorandum of Points and Authorities below, and upon such further oral and written evidence as may be presented at or before the hearing on this matter.

**STATEMENT OF THE RELIEF REQUESTED**

Apple requests that this Court dismiss Plaintiff's claims of direct infringement of the method claims of U.S. Patent No. RE43,633 and of joint infringement of U.S. Patent Nos. RE43,633 and 7,672,985 under Rule 12(b)(6).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Despite multiple opportunities to remedy deficiencies Apple had identified in Sentius' previous complaints, the Second Amended Complaint ("SAC") persists in asserting meritless claims that warrant dismissal. Specifically, Apple requests that this Court dismiss with prejudice Sentius' allegations of: (1) infringement of the method claims of U.S. Patent No. RE43,633, and (2) joint infringement of all asserted claims of the '633 patent and U.S. Patent No. 7,672,985.

First, Sentius alleges that Apple infringes method claim 62 of the '633 patent, which expired more than six years ago. (SAC ¶¶ 35-46.) But the SAC never alleges that Apple performs every step of claim 62, or any other method claim of the '633 patent. Rather, Sentius merely asserts that Apple products include software *capable* of practicing the claimed method. *See id.* ¶ 17. This is not enough to state a claim for direct infringement. Additionally, because the parties agree that Apple knew nothing about the '633 patent before it expired, Sentius does not allege indirect infringement.

Second, Sentius alleges that Apple is liable for joint infringement of both asserted patents because it "directs and/or controls" the user's performance of the allegedly infringing acts by conditioning "the benefits of the accused functionality" on the user's performance of such acts, and by "establish[ing] the manner or timing" of the user's performance of those acts through its design of the operation of such software." (*Id.* ¶¶ 50, 70.) But the SAC alleges no facts about the required direction or control. Simply providing a user an interface to interact with is not control or direction, and does not condition any benefit on that activity or establish the manner or timing of that activity.

Finally, Sentius should not be allowed yet another chance to amend its Complaint to remedy these flaws. Apple raised these issues in October 2019, and Sentius has refused to correct them, despite being allowed to amend its Complaint twice. This dilatory conduct should not be rewarded.

## II.  STATEMENT OF ISSUES

1)   Whether Plaintiff's claims for direct infringement of the method claims of U.S. Patent No. RE43,633 should be dismissed for failure to state a claim.

2)   Whether Plaintiff's claims for joint infringement of U.S. Patent Nos. RE43,633 and 7,672,985 should be dismissed for failure to state a claim.

## III.  FACTUAL BACKGROUND

Sentius first sued Apple for allegedly infringing the '633 and '985 patents in the District of Delaware in July 2019. *See Sentius, Int'l, LLC v. Apple Inc.*, C.A. No. 19-1444-MN ("Delaware Action"), D.I. 1. While the '633 patent expired on February 16, 2014, the '985 patent has term remaining.

The SAC makes only the most general allegations about the accused functionality:

> 11. The Apple systems, methods and products which are accused of infringing the '633 and '985 Patents (["]Accused Apple Products") provide a specific accused functionality (a/k/a "red squiggly" spell check feature) that identifies and marks misspelled words in a document and respectively links each misspelled word to at least one suggested correct spelling associated with the misspelled word from a spell check dictionary. The accused functionality displays an image of the document text (with the misspelled word/s marked), allows a user to select a marked misspelled word for which the user wishes to see the suggested spelling corrections, and retrieves the linked suggested spelling from the spell check dictionary for that marked misspelled word, and displays the suggested spelling near the misspelled word.

(SAC ¶ 11.)

Four years before suing, Sentius sent Apple a letter asserting that the spellcheck functionality on some Apple devices infringed claim 17 and dependent claims 18, 22, 50, and 51 of the '633 patent. Claim 17 is a system claim that recites eleven means-plus-function limitations. Apple diligently evaluated the allegations made by Sentius and identified multiple reasons why the asserted means-plus-function claims were both invalid and not infringed. Apple engaged in good faith with Sentius, by correspondence as well as multiple in-person and telephonic meetings, explaining why Apple did not infringe the asserted claims and why the asserted claims were invalid.

Following these discussions, Sentius wrote again in 2018, accusing Apple for the first time of infringing method claim 146 of the '633 patent (as well as dependent claims 148, 149, 171, 173, and 174) and also identifying the '985 patent for the first time. While Sentius provided claim charts for the '985 patent, Sentius did not for the newly asserted claims of the '633 patent. Apple again diligently investigated these allegations and engaged in more negotiations with Sentius. Apple explained that it did not infringe the method claims of the '633 patent at least because: (a) Apple did not perform each step of the claims and thus did not directly infringe, and (b) Apple did not have notice of the patent until after it expired, and Sentius therefore could not show the intent required for induced infringement. Sentius did not respond to these arguments and despite Apple's requests, did not provide claim charts for the newly asserted method claims of the '633 patent.

When Sentius ultimately sued Apple, the Complaint included the very allegations that Apple had previously identified as inadequate. Sentius alleged infringement of method claims 62 and 146 of the '633 patent both directly and by inducement. (Delaware Action, D.I. 1 ¶¶ 36, 38.) The Complaint also included boilerplate allegations of joint infringement. (*Id.* ¶¶ 37, 59.) Sentius waited until October 2, 2019, to serve the Complaint on Apple. (*Id.* at D.I. 5.) To avoid the present motion, on October 10, 2019, Apple wrote Sentius' counsel, requesting that Sentius remove these claims from its Complaint and explaining why they lacked merit and should be dismissed:

1. All claims for direct infringement of any method claim other than by "use" of the claimed method;

2. All claims for infringement of any method claim of the '633 patent;

3. All claims for indirect infringement of the '633 patent; and

4. All claims for joint infringement.

(Ex. A, Oct. 10, 2019 Letter from Absher to Yorio.)[1] Sentius never substantively responded, but agreed to stay Apple's deadline for a responsive pleading pending resolution of a motion to dismiss joint infringement allegations in a related litigation against LG. (Delaware Action, D.I. 9.) The Delaware court ultimately denied LG's motion, but as explained in Part V.B.III below, material differences exist between the Sentius' operative complaints against LG and Apple. After the case was transferred to this Court, on February 28, 2020, Sentius filed an Amended Complaint that still contained the deficient claims identified in Apple's October 10, 2019 letter. *See* D.I. 28.

On March 6, 2020, in an effort to avoid motion practice, Apple sent yet another letter to Sentius explaining that the first Amended Complaint remedied none of the deficiencies Apple raised in its October 2019 letter—including the allegations addressed in present motion. (Ex. B, Mar. 6, 2020 Letter from Shah to Yorio.) Sentius agreed to remove two categories of claims Apple identified: infringement of method claims other than by "use," and indirect infringement of the '633 patent (issues 1 and 3, above), and on March 26, 2020 filed the SAC (D.I. 37). But the SAC still alleges direct infringement of the method claims of the '633 patent, as well as joint infringement of both patents (issues 2 and 4, above), which are the subject of the present motion. At no point has Sentius alleged that newly discovered facts warranted its repeated amendments.

## IV. LEGAL STANDARD

Dismissing a claim under Fed. R. Civ. P. 12(b)(6) is proper when "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1112 (N.D. Cal. 2016) (Gonzalez Rogers, J.) (quoting a 9th Circuit case).

### A. Sufficiency of Pleadings

The rules require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which is

---

[1] Unless otherwise indicated, citations to Ex. A, Ex. B, and Ex. C refer to exhibits attached to the Declaration of Alton L. Absher III submitted in support of Apple's motion to dismiss.

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Windy City*, 193 F. Supp. 3d at 1112 (internal quotation omitted). But a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Thus, "[i]f the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed." *Windy City*, 193 F. Supp. 3d at 1112 (citation omitted). In evaluating the sufficiency of a complaint, a "Court will not assume facts not alleged, nor will it draw unwarranted inferences." *Windy City*, 193 F. Supp. 3d at 1113 (citation omitted).

### B. Direct Infringement of Method Claims

An accused infringer can be liable for directly infringing a method claim only where it performs the method recited in the claim. *Ormco Corp. v. Align Tech., Inc.* 463 F.3d 1299, 1311 (Fed. Cir. 2006). Merely selling or offering to sell software containing instructions to perform a patented method does not infringe the method claim. *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008). Further, "software that *may* perform a patented method but requires some sort of user activation fails to state a legal claim" for direct infringement of a method claim. *WiNet Labs LLC v. Apple Inc.*, No. 5:19-cv-2248-EJD, 2020 WL 409012, at *4 (N.D. Cal. Jan. 24, 2020) (emphasis in original). And "a party that sells an apparatus capable of performing a patented method is generally not liable for direct infringement if that infringing act comes to pass." *Koninklijke Philips N.V. v. Zoll Med. Corp.*, 656 Fed. App'x 504, 521 (Fed. Cir. 2016) (citing *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1313 (Fed. Cir. 2003)). Rather, "the direct infringer would be the party who put the apparatus to use to perform the patented method." *Philips*, 656 Fed. App'x at 521 (citing *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1221 (Fed. Cir. 2014)).

### C. Joint Infringement

To survive a motion to dismiss, a claim of joint infringement "requires pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2)

the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016). In *Akamai Techs., Inc. v. Limelight Networks, Inc.* ("*Akamai V*"), the Federal Circuit concluded that in some cases, "liability under § 271(a) can also be found when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." 797 F.3d 1020, 1023 (Fed. Cir. 2015). But liability under this theory requires showing that "a third party hoping to obtain access to certain benefits can only do so if it performs certain steps identified by the defendant, and does so under the terms prescribed by the defendant." *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1380 (Fed. Cir. 2017).

### D. Leave to Amend

A district court has discretion to deny leave to amend a complaint. *See Swanson v. U.S. Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). The Court may do so under Fed. R. Civ. P. 15(a)(2) "due to 'undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed*, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (emphasis added) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The court's discretion to deny leave to amend is "particularly broad" where the Plaintiff has already had an opportunity to amend its complaint, of which Sentius has now had two. *Sebastian v. Allstate*, Case No. 13-cv-04850-YGR, 2015 WL 1927796, at *5 (N.D. Cal. Mar. 27, 2015) (quoting *Fidelity Fin. Corp. v. Fed'l Home Loan Bank of San Francisco,* 792 F.2d 1432, 1437 (9th Cir. 1986)).

## V. ARGUMENT

### A. The SAC Fails to State a Claim for Direct Infringement of the Method Claims of the '633 Patent.

Even accepting its allegations as true, the SAC fails to state a claim for direct infringement of the method claims of the '633 patent. Because making or selling a product that can perform certain steps cannot directly infringe a method claim, Sentius can only state a claim for direct

infringement of the asserted method claims by alleging "use" of the claimed method. Sentius has conceded as much, but its SAC still fails to allege that *Apple* "uses" the method claims of the '633 patent.[2] Thus, dismissal of these direct infringement claims with prejudice is warranted.

Sentius alleges that "Apple has directly infringed the method claims via software provided in the Accused Apple Products to execute the accused functionality and by designing software to carry out the method steps via the accused functionality . . . ." (SAC ¶ 17.) But the SAC never alleges any actual use by Apple, and "merely sell[ing] or offer[ing] to sell software containing instructions to perform a patented method" is insufficient to show direct infringement of a method claim. *Ricoh*, 550 F.3d at 1335. Thus, pleading that Apple provides products containing software that, once used by an end user, allegedly practices the steps of a claimed method cannot state a claim for direct infringement. *See Ericsson*, 773 F.3d at 1222 ("In fact, none of our decisions have found direct infringement of a method claim only by sales of an end user product which performs the entire method, and we decline to do so here.").

*Ericsson* is fatal to Sentius' direct infringement claims. In the underlying action, Ericsson alleged that D-Link directly infringed two method claims because certain D-Link wireless routers practiced the Wi-Fi standard to which the asserted patent was allegedly essential. *Id.* at 1210-11. The district court upheld the jury's direct infringement verdict: "because the accused products performed the claimed method when operated by D-Link's customers without any modification, a finding of direct infringement was justified." *Id.* at 1219-20. In so holding, the district court relied heavily on *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319 (Fed. Cir. 2010), in which the Federal Circuit found a manufacturer liable for direct infringement of a method claim when the manufacturer itself performed some steps and "[t]he remaining steps were then automatically performed by the accused GPS products, which were in possession of the end users." *Ericsson*, 773 F.3d at 1221. But in reviewing the district court's analysis, the Federal Circuit clarified that "our decision in *SiRF* did not create direct infringement liability whenever an alleged infringer sells a product that is capable of executing the infringing method." *Id.* The court found that "*SiRF* is not

---

[2] *See* Ex. C, March 20, 2020 Letter from Yorio to Shah at 1 ("Sentius agrees to limit the assertion of direct infringement of method claims of the '633 Patent to the activity of 'use.'").

applicable here because all of the steps of the method in [the asserted claims] are performed on the end product which is controlled by a third party." *Id.* at 1221-22. Thus, the Federal Circuit found that the district court erred, and D-Link did not directly infringe the method claims.[3]

The same is true here. As in *Ericsson*, Sentius contends that Apple directly infringes method claims of the '633 patent by providing products that include software which, only when used by an end user, allegedly performs the methods recited in claims 62 and 146. *See generally* SAC ¶ 17, 35-46. There is no "direct infringement liability when an alleged infringer sells a product that is capable of executing the infringing method." *Ericsson*, 773 F.3d at 1221; *see also WiNet*, 2020 WL 409012, at *4-*5 (dismissing direct infringement claims when "Plaintiff alleges that Defendant's software 'performs each step of the Claim 1,'" but "Plaintiff does not allege that the steps performed on any user's device occur automatically"). Thus, pleading that Apple's products can perform the claimed method steps without more is not enough.

### B. Sentius Fails to State a Claim for Joint Infringement of Any Claim of the '633 and '985 Patents.

The SAC alleges that Apple is liable for joint infringement of the asserted claims of the '633 patent as follows:

> 50. On information and belief, Apple makes the benefits of the accused functionality conditioned on the user's performance of any such acts and establishes the manner or timing of that performance through its design of the operation of such software. In particular, and on information and belief, to the extent that a user's activity is determined to be required, Apple's design of such software allows the user to indicate which highlighted word or phrase he or she wishes to see the external reference materials for (such as spelling or grammar suggestions) by clicking on the red squiggly line below the word or phrase before they are displayed.

(SAC ¶ 50.) Sentius' joint infringement allegations for the '985 patent are much like those of the '633 patent for the purpose of this motion. *See id.* ¶ 70. In short, Sentius alleges that Apple is liable as a joint infringer because its software allows an end user to "click[] on the red squiggly line below the word or phrase" for which the user "wishes to see the external reference materials." (*Id.* ¶¶ 50,

---

[3] While the court then found D-Link liable for induced infringement, *id.*, that is not relevant here because it is undisputed that Apple did not know about the '633 patent until after it had expired and thus cannot have the requisite intent under 35 U.S.C. § 271(b). *See* Ex. C, March 20, 2020 Letter from Yorio to Shah at 2 ("Sentius does agree not to pursue the allegations of ¶¶ 47 and 50 [of the First Amended Complaint] for induced infringement of the '633 patent.").

70.) This cannot state a claim for joint infringement for at least the following independent reasons: (1) simply allowing a user to interact with a software program does not meet the standard for joint infringement, and (2) the SAC identifies no method step performed by end users. Furthermore, the District of Delaware's denial of LG's motion to dismiss is not determinative here because the SAC against Apple is significantly different from the Complaint Sentius filed against LG.

### 1. Merely Alleging That an End User Is Allowed to Interact With a Software Program Is Insufficient to Show Joint Infringement.

Presumably relying on *Akamai V*, Sentius contends that "Apple makes the benefits of the accused functionality conditioned on the user's performance of any such acts and establishes the manner or timing of that performance through its design of the operation of such software." (SAC ¶ 50.) But the SAC fails to allege facts supporting this allegation, and the circumstances that permitted a finding of joint infringement in *Akamai V* are thus nothing like the facts here.

For example, the SAC does not identify the "step or steps of a patented method" on which Apple allegedly "conditions participation in an activity or receipt of a benefit" and "establishes the manner and timing." *Akamai V*, 797 F.3d at 1023. Rather, as shown above, the SAC merely asserts that "Apple's design of such software ***allows the user to indicate*** which highlighted word or phrase . . . ." (SAC ¶ 50) (emphasis added.) Simply alleging that a user is allowed to interact with a software program, as Sentius does here, cannot state a claim for joint infringement. Indeed, because "mere guidance or instruction is insufficient to show 'conditioning' under *Akamai V*," doing even less than that by simply providing the capability for an end user to achieve a benefit certainly cannot rise to the level of showing requisite direction or control for joint infringement. *Travel Sentry*, 877 F.3d at 1379 (quoting *Eli Lilly*, 845 F.3d at 1366); *see also Pernix Ireland Pain DAC v. Alvogen Malta Operations Ltd.*, 323 F. Supp. 3d 566, 581 (D. Del. 2018) (*aff'd sub nom. Persion Pharm, LLC v. Alvogen Malta Operations Ltd.*, 945 F.3d 1184 (Fed. Cir. 2019)) ("Direction or control can be shown where an actor crosses the line from merely guiding or instructing to conditioning, even if the conditioning is not categorical in nature."); *Sonrai Sys., LLC v. AMCS Group, Inc.*, No. 16-C-9404, 2017 WL 4281122, at *6 (N.D. Ill. Sept. 27, 2017) (dismissing joint infringement claims

because "the fact that AMCS simply provided the technology falls short of the control over Lakeshore that is required to substantiate a joint infringement theory").

To allow Sentius to expand the standard for joint infringement far beyond its bounds would yield unreasonable results. Under Sentius' theory, because anyone who uses a software application does so for some presumed benefit, *any* end-user interaction with a software product could create a claim for joint infringement against the software provider. Such a standard would render inducement and its statutory elements of knowledge and intent unnecessary, as any allegations of multiple parties performing the steps of a claim could be cast as joint infringement. Because this is not and cannot be the law, and because Sentius does not make any allegations that state a claim for infringement even under *Akamai V*, the joint infringement allegations in the SAC fail to state a claim and should be dismissed with prejudice.

### 2. The SAC identifies no Relationship Between Apple and End Users and Any Method Claim Steps Performed by End Users.

To state a claim for joint infringement, a "Complaint must plausibly allege that Defendants exercise the requisite 'direction or control' over the performance of the claim steps, such that the performance of every step is attributable to Defendants." *Lyda*, 838 F.3d at 1340 (citing *Akamai V*, 797 F.3d at 1022). The SAC does not identify any method claim steps allegedly performed by end users, and thus cannot plausibly allege that Apple exercises the requisite direction or control over any alleged performance such steps.

In *Lyda*, the plaintiff alleged that CBS was liable for joint infringement based on the activity of users who sent text messages to an interactive voting system for the CBS television show "Big Brother." 838 F.3d at 1336. The Federal Circuit affirmed the district court's dismissal of the Complaint with prejudice: "most importantly, the Amended Complaint does not allege any relationship between the Defendants and the unnamed third parties . . . in a way that the actions of these unnamed third parties should be attributed to Defendants." *Id.* at 1340. Thus, the Federal Circuit concluded that there are "no allegations in the Amended Complaint that can form the basis of a reasonable inference that each step was performed by or should be attributed to Defendants." *Id.* Here, as in *Lyda*, the SAC does not allege any relationship between Apple and end users of the

accused Apple products. As the Federal Circuit explained in *Lyda*, this cannot state a claim for joint infringement. *Id.* Accordingly, the joint infringement claims should be dismissed.

Additionally, the SAC's failure to identify any claim steps allegedly performed by end users is fatal to Sentius' joint infringement allegations. In *Confident Techs., Inc. v. Fandango Media, LLC*, the plaintiff pleaded that the defendant infringed a claimed method through "ReCAPTCHA technology" on the defendant's website. The complaint alleged that any performance by non-party Google—which develops and provides the ReCAPTCHA technology–of one or more of the steps of the asserted method claim is attributable to the defendant because the defendant "directs and controls Google's performance." No. 2:18-cv-3035-JAK-AGR, 2018 WL 6430539, at *4 (C.D. Cal. Aug. 20, 2018). The plaintiff also argued that by performance of those steps, Google "obtains a benefit of data gathered for use in machine learning applications." *Id.*

The defendant thus moved to dismiss the Complaint because "the Complaint [did] not allege which steps of the claimed method would be performed by Google," and thus the Complaint failed to allege facts sufficient to support a claim of joint infringement. *Id.*, at *3-*4. The court granted the defendant's motion: "[t]he Complaint does not allege sufficient facts with respect to the relationship between Defendant and ReCAPTCHA or the one between Defendant and Google to support a plausible claim that all alleged acts of infringement of the 578 patent can be attributed to Defendant." *Id.*, at *4; *see also Travel Sentry,* 877 F.3d at 1380 (*Akamai V* and *Eli Lilly* highlight the importance of correctly identifying the relevant 'activity' or 'benefit' that is being conditioned upon the performance of one or more claim steps.").

Sentius' SAC against Apple is similarly vague and conclusory. Here, like in *Confident Techs.*, the SAC makes no allegations of any relationship between Apple and any third party to support a joint infringement claim, nor does it identify any method claim limitation that third parties allegedly perform. Thus, like the Complaint in *Confident Techs.*, the joint infringement allegations in the SAC should be dismissed.

### 3. The Delaware Court's Decision in *Sentius v. LG* Does Not Save the SAC's Fatally Flawed Joint Infringement Claims.

In the discussions that preceded this motion, Sentius argued that a finding in a different case in a different district, involving a different defendant, different accused products, and different allegations should prevent dismissal of its joint infringement claims here. When Apple brought to Sentius' attention that the joint infringement allegations failed to state a claim, Sentius refused to dismiss the claims because "[t]he First Amended Complaint filed against Apple in the present case aligns similarly with the Second Amended Complaint in the LG case." (Ex. C, March 20, 2020 Letter from Yorio to Shah, at 2.) But the joint infringement allegations that the District Court for the District of Delaware found sufficient to survive LG's motion to dismiss differ significantly from the joint infringement allegations against Apple in the SAC, and any finding in the LG case does not change the deficiency of Sentius' claims here. A side-by-side comparison of Sentius' joint infringement allegations in each case illustrates these differences:

| *Sentius v. LG* | *Sentius v. Apple* |
|---|---|
| 39. To the extent **the step of method claims 62 or 146 for "selecting a discrete portion of an image of the textual source materials"** is determined to require a user's activity, on information and belief, LG is still responsible for direct infringement because it has made the benefits of its spell check functionality conditioned on the user's performance of said steps and established the manner or timing of that performance. LG accomplishes this by **requiring the user to click on the misspelled word** (identified by LG by having the LG Smartphone display the word with a red line underneath it) if the user wishes the LG Smartphone display suggested spelling corrections. | 50. Apple is also directly responsible for any infringing acts of its users, because it directs or controls the user's performance of those acts via the design of the software provided in the Accused Apple Products to provide the accused functionality. On information and belief, Apple makes the benefits of the accused functionality conditioned on the user's performance of any such acts and establishes the manner or timing of that performance through its design of the operation of such software. In particular, and on information and belief, to the extent that a user's activity is determined to be required, Apple's design of such software **allows the user to indicate** which highlighted word or phrase he or she wishes to see the external reference materials for (such as spelling or grammar suggestions) by clicking on the red squiggly line below the word or phrase before they are displayed. |

Two key differences between the allegations show why Sentius' allegations here are insufficient. First, the LG Complaint identifies a specific method step that requires user activity while the SAC against Apple does not. This identification is required to state a claim for joint

infringement. *See Lyda*, 838 F.3d at 1340 (explaining that "to survive a motion brought under Rule 12(b)(6), the Amended Complaint must plausibly allege that Defendants exercise the requisite 'direction or control' over ***the performance of the claim steps***") (emphasis added); *see also Confident Techs.*, 2018 WL 6430539, at *4 (dismissing the joint infringement allegations when "the Complaint does not allege which steps of the claimed method would be performed by [third party] Google"). Because Sentius did not allege that end users of Apple products perform any step of the asserted method claims, the joint infringement allegations should be dismissed.

Second, unlike the LG Complaint, the SAC against Apple concedes that any third-party activity at issue is optional. While the LG Complaint alleges that LG "***requires***" a user to click on a misspelled word if the user wishes the LG Smartphone to display spelling suggestions, the SAC against Apple states that Apple's design of the software merely "***allows***" the user to indicate a particular word or phrase. As discussed in Part V.B.1, *supra*, merely allowing a user to interact with software falls far short of conditioning a benefit upon performance of a step of a method claim. Because Sentius does not, and cannot, plausibly allege that Apple requires any activity on the part of end users of its products, for this additional independent reason, the joint infringement allegations should be dismissed.

### C. Dismissal Should Be with Prejudice.

The Court should exercise its discretion to deny Sentius another chance to amend, and should dismiss these claims with prejudice. Sentius has already made three unsuccessful attempts to plead its allegations but has not done so. *See Lyda*, 838 F.3d at 1340-41 (affirming the district court's dismissal with prejudice when plaintiff "declined the opportunity to amend the complaint a second time, deciding instead to oppose Defendants' motion to dismiss"); *McRee v. Goldman,* Case No. 11-CV-00991-LHK, 2012 WL 3745190, at *4 (N.D. Cal. Aug. 28, 2012) ("Plaintiff has already been given two opportunities to cure his pleading deficiencies by amendment and has failed to do so. Accordingly, this dismissal is with prejudice.").

The parties have been operating under the same set of facts since at least the filing of Sentius' original Complaint eight months ago. Sentius' delay in addressing these deficient claims also supports dismissing with prejudice. *See AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465

F.3d 946, 953 (9th Cir. 2006) (internal citations omitted) ("whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading" factors into denying leave to amend); *see also Acri v. International Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").

Further, the iterative process through which Sentius has pleaded its allegations thus far has not turned on any newly discovered facts and instead appears to have been a tactical decision to maintain as many claims as possible in its Complaint with little regard for their viability. For example, even after Apple explained that the original Complaint's allegations of (a) method claim infringement other than by "use" and (b) induced infringement of the '633 patent were improper, Sentius still included those allegations in its First Amended Complaint. *See* D.I. 28 ¶¶ 20, 57 (alleging infringement of method claims other than by "use"); *id.* ¶¶ 48, 50 (alleging induced infringement of the '633 patent). And Sentius continues to maintain the claims that are the subject of this motion despite being given multiple opportunities to amend and withdraw them. This conduct warrants no reward of yet another chance. *See Stearns v. Select Comfort Retail Corp.,* 763 F. Supp. 2d 1128, 1159 (N.D. Cal. 2010) ("instances in which a party makes a claim without alleging any newly discovered facts, makes a tactical decision to omit a claim to avoid summary judgment, or includes a claim to harass or burden the other party" are examples of "bad faith" for purposes of Fed. R. Civ. P. 15(a)(2)). Thus, dismissal with prejudice is warranted on this record.

## VI. CONCLUSION

For all these reasons, Apple respectfully requests that this Court grant its motion, and dismiss with prejudice, Sentius' claims of direct infringement of the method claims of the '633 patent and of joint infringement of both the '633 and '985 patent.

| | |
|---|---|
| DATED: April 9, 2020 | Respectfully submitted, |
| | KILPATRICK TOWNSEND & STOCKTON LLP |
| | |
| | By: */s/ Alton L. Absher III* |
| |     STEVEN D. MOORE |
| |     MANSI H. SHAH |
| |     ALTON L. ABSHER III |
| |     MATTHEW J. MEYER |
| |     ANDREW N. SAUL |
| | |
| | Attorneys for Defendant |
| | APPLE INC. |