1  KILPATRICK TOWNSEND & STOCKTON LLP
   STEVEN D. MOORE (State Bar No. 290875)
2  smoore@kilpatricktownsend.com
   Two Embarcadero Center, Suite 1900
3  San Francisco, CA  94111
   Telephone:  415-576-0200; Facsimile:  415-576-0300
4
   MANSI H. SHAH (State Bar No. 244669)
5  mhshah@kilpatricktownsend.com
   MATTHEW J. MEYER (State Bar No. 284578)
6  mmeyer@kilpatricktownsend.com
   1080 Marsh Road
7  Menlo Park, CA  94025
   Telephone:  650-326-2400; Facsimile:  650-326-2422
8
   ALTON L. ABSHER III (*appearance pro hac vice*)
9  aabsher@kilpatricktownsend.com
   1001 West Fourth Street
10 Winston-Salem, NC  27101
   Telephone:  336-607-7300; Facsimile:  336-607-7500
11
   AMANDA N. BROUILLETTE (*appearance pro hac vice*)
12 abrouillette@kilpatricktownsend.com
   ANDREW N. SAUL (*appearance pro hac vice*)
13 asaul@kilpatricktownsend.com
   1100 Peachtree Street NE, Suite 2800
14 Atlanta, GA  30309
   Telephone:  404-815-6500; Facsimile:  404-815-6555
15
   Attorneys for Defendant
16 APPLE INC.

17

18                  **UNITED STATES DISTRICT COURT**

19          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

20                       **OAKLAND DIVISION**

21

22 SENTIUS INTERNATIONAL, LLC,              Case No. 4:20-cv-00477-YGR

23                    Plaintiff,            **STIPULATION AND [PROPOSED]
                                            ORDER TO STAY LITIGATION
24             v.                           PENDING *INTER PARTES* REVIEW**

25 APPLE INC.,

26                    Defendant.

27

28

STIPULATION AND [PROPOSED] ORDER TO STAY LITIGATION PENDING *INTER PARTES* REVIEW
CASE NO. 4:20-cv-00477-YGR

1     Pursuant to Patent L.R. 7-12, Defendant Apple Inc. ("Defendant" or "Apple") and Plaintiff

2  Sentius International, LLC ("Plaintiff" or "Sentius") (collectively, the "Parties") stipulate and

3  agree as follows:

4     WHEREAS, Sentius filed its Complaint against Apple in the U.S. District Court for the

5  District of Delaware on July 31, 2019 alleging infringement of United States Patent Nos.

6  7,672,985 ("the '985 patent") and RE43,633 ("the '633 patent"). (Dkt. 1.)

7     WHEREAS, on October 1, 2020, Apple petitioned for *inter partes* review of all asserted

8  claims of the '985 patent.

9     WHEREAS, on October 15, 2020, the Court dismissed Sentius' claims of infringement of

10  the '633 patent based on third-party use of Apple products but not the claims of infringement of

11  the '633 patent based on Apple's own use of its products. (Dkt. 68.)

12     WHEREAS, on October 15, 2020, the Court found the asserted claims of the '633 patent

13  invalid for lack of written description in *Zoho Corp. v. Sentius Int'l, LLC*, No. 19-cv-00001-YGR,

14  Dkt. No. 81 (N.D. Cal. Oct. 15, 2020) (Order Granting Zoho's Motion for Partial Summary

15  Judgment).

16     WHEREAS, pursuant to the Patent Statute, the PTAB must decide within approximately

17  six months whether to institute the IPR of the '985 patent, and is required under 35 U.S.C. § 316

18  to issue a final written decision within 1 year of institution, which may be extended by no more

19  than six months for good cause shown.

20     WHEREAS, for purposes of judicial economy and to avoid the unnecessary expenditure of

21  resources, the parties agree this litigation should be stayed immediately and until the USPTO

22  either: (1) declines to institute *inter partes* review based on Apple's October 1, 2020 Petition for

23  *Inter Partes* Review ("IPR Petition") of the '985 patent; or (2) in the event an *inter partes* review

24  is instituted, final exhaustion of the inter partes review proceedings including any appeals.

25     WHEREAS, it is within the Court's inherent authority and discretion to stay the present

26  litigation, including issues not before the Patent Trial and Appeal Board, as (1) discovery is not

27  complete and a trial date has not been set; (2) a stay may significantly simplify the issues asserted

28  in the present matter and clarify issues for the Court; and (3) the Parties have agreed and stipulated

1   that a stay would best serve the interests of justice and would not unduly prejudice or present a

2   tactical disadvantage to any nonmoving party. *See, e.g., PersonalWeb Technologies, LLC v. Apple*

3   *Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014); *see also VirtualAgility Inc. v. Salesforce.com,*

4   *Inc.,* 759 F.3d 1307, 1309 (Fed. Cir. 2014).

5           WHEREAS, on November 3, 2020, the Parties filed a Proposed Stipulated Protective

6   Order and ESI Stipulation to ensure discovery shall proceed promptly should outstanding issues

7   remain in the case when the stay is lifted.

8           WHEREAS, the parties agree that within 14 days of the USPTO's issuance of an

9   institution decision, the parties shall file a joint status report, including a proposed case schedule

10   should the USPTO decline to institute *inter partes* review.

11           WHEREAS, the parties agree that in the event an *inter partes* review is instituted, the

12   parties shall file a joint status report within 14 days after the USPTO issues a final written

13   decision.

14           NOW THEREFORE IT IS HEREBY STIPULATED by the parties, through their

15   respective counsel, that the present litigation is stayed immediately and in its entirety until the

16   USPTO either (1) declines to institute *inter partes* review based on Apple's IPR Petition of the

17   '985 patent; or (2) in the event an *inter partes* review is instituted, final exhaustion of the *inter*

18   *partes* review proceedings including any appeals.

19

20

21

22

23

24

25

26

27

28

1

2

DATED:  November 3, 2020          Respectfully submitted,

3
                                  KILPATRICK TOWNSEND & STOCKTON LLP

4

5
                                  By: */s/ Steven D. Moore*
                                      STEVEN D. MOORE
6                                     MANSI H. SHAH
                                      ALTON L. ABSHER III
7                                     MATTHEW J. MEYER
                                      AMANDA N. BROUILLETTE
8                                     ANDREW N. SAUL

9                                     Attorneys for Defendant
                                      APPLE INC.
10

11    Dated:  November 3, 2020

12

13                                    Respectfully submitted,

14                                    CARR & FERRELL LLP

15
                                      By: /s/ Robert J. Yorio
16                                        ROBERT J. YORIO

17
                                      SETH LAW OFFICES
18
                                      By: /s/ Sandeep Seth_____
19                                        SANDEEP SETH

20                                    Attorneys for Plaintiff
                                      SENTIUS INTERNATIONAL, LLC
21

22

23          **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

24

25    Date: _____      _____
                                         Honorable Yvonne G. Gonzalez Rogers
26                                       United States District Judge

27

28

---

STIPULATION AND [PROPOSED] ORDER TO STAY LITIGATION PENDING *INTER
PARTES* REVIEW                                                          - 3 -
CASE NO. 4:20-cv-00477-YGR

1

## SIGNATURE ATTESTATION

2

3      I hereby attest pursuant to Civil L.R. 5-1(i)(3) that concurrence in the filing of this document

4   has been obtained from Plaintiff Sentius International, LLC.  I declare under penalty of perjury of

5   the laws of the United States that the foregoing is true and correct.

6      Executed this 3rd day of November, 2020, at Fremont, California.

7   DATED:  November 3, 2020           KILPATRICK TOWNSEND & STOCKTON LLP

8

9                                      By: /s/ *Steven D. Moore*
                                           STEVEN D. MOORE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

74160510V.1